# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                   Civil Action No. 07-615 WJ/RLP

WOODROW GUNTHARP
and ETHEL GUNTHARP,

     Defendants.

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO DISMISS CROSS-CLAIMS WITHOUT PREJUDICE

THIS MATTER comes before the Court upon Plaintiff's Motion to Dismiss Defendants' Cross-Claims filed September 28, 2007 (**Doc. 6**).  Having considered the parties' briefs and the applicable law, I find that Plaintiff's motion should be granted at this time without prejudice.

### Background

This action was filed by the United States of America ("Government") on behalf of Andres Trujillo and Patricia Cruz, who are mother and son.[1]  The complaint in this case alleges discrimination under the Fair Housing Act based on disability, pursuant to 42 U.S.C. § 3612(o).  According to the complaint, Ms. Cruz called the Rock Creek Apartments in Albuquerque, New Mexico in late June 2006 to inquire about housing for her son.  The woman who answered the phone asked several questions regarding the nature of her son's physical disability, including the nature of his disability, whether he could live alone and whether he needed physical

---

[1] Ms. Cruz is also referred to in the pleadings as "Patricia Cruz-Lee" and "Patricia Lee." See, Mem. Brf., n.1.

modifications to the apartment.

Ms. Cruz and her son visited the office of the apartment complex the following day.  In the office, Mrs. Guntharp asked Ms. Cruz whether Mr. Trujillo was the son with a disability, to which Ms. Cruz responded that he was.  Mrs. Guntharp asked whether Mr. Trujillo had a bipolar disorder.  She then stated that when they previously rented to a person with bipolar disorder, the rental had not worked out and they did not want to rent to any more persons with bipolar disorders.  Believing that Defendants were unwilling to rent an apartment to Mr. Trujillo, Ms. Cruz and Mr. Trujillo left the complex without being shown an apartment.

Ms. Lee Cruz and Mr. Trujillo initiated these proceedings by filing a complaint against the Defendants with the United States Department of Housing and Urban Development ("HUD").  HUD issued a Charge of Discrimination on May 1, 2007.  The Government filed the complaint in federal court on June 27, 2007.[2]

On August 2, 2007, Defendants filed their Answer to the Complaint, including "Cross-Claims" against Ms. Cruz.  Defendants claim that Ms. Cruz' inquiry into apartment housing for her son was pretextual, and that Ms. Cruz misrepresented the truth so that she could get money in exchange for dropping her complaint with HUD.  The cross-claims assert that Ms. Cruz brought up her son's disability first.  Mrs. Guntharp asked about the disability in order to determine whether Mr. Trujillo could be accommodated at the complex to meet his special needs.  Soon after that initial meeting in June 2006, Ms. Cruz threatened to sue the Guntharps

---

[2]  When efforts to resolve the matter by conciliation fail, the Secretary of HUD investigates to determine whether reasonable cause exists to believe a defendant has discriminated against the complainant.  42 U.S.C. § 3510(g)(1).  If so, the matter can be determined in a hearing for a HUD Administrative Law Judge, or the matter may be litigated instead in federal court. § 3612(a).  Section 3612(o)(1) requires the Attorney General "to commence a civil action on behalf of the aggrieved person in a United States district court. . . ."

unless she immediately received $7,500.00.[3]  The cross-claims allege negligent misrepresentation and prima facie tort.

## Discussion

Plaintiff moves to dismiss the cross-claims, contending that Ms. Cruz is not a party to this action, and can neither be joined as a party or subject to a cross-claim. Defendants contend that Ms. Cruz should be joined as a party to this action under one of the Rules of Civil Procedure.  Thus, the question is whether Defendants must rely on their assertions in the Answer as a defense, or whether they can convert Ms. Cruz's position into a party to this action.

**I.     Whether Cross-Claims or Counterclaims May Be Asserted Against Ms. Cruz**

Under 42 U.S.C.A. § 3614(a):

Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter. . . and such denial raises an issue of general public importance, the Attorney General may commence a civil action in any appropriate United States district court.

Plaintiff is correct that the Government's election to bring this action on behalf of Ms. Cruz does not render Ms. Cruz a party to the action.  Under 42 U.S.C. § 3612(o)(2), Ms. Cruz could have intervened as an "aggrieved person" in this civil action, but did not.  For this reason, Defendants' intention to bring Ms. Cruz in as a party by asserting cross-claims fails under Rule 13.  Under Fed.R.Civ.P. 13(a) and (b), both permissive and compulsory counterclaims may brought against an "opposing party."  Under Fed.R.Civ.P. 13(g), cross-claims may be asserted against parties in a case. However, Ms. Cruz is not a co-party, or any party to this action at this point.  Nor do I find that Ms. Cruz is the "functional equivalent" of the United States such that

---

[3]  The Answer states the amount as "$7,500.00" (¶ 25), but Defendants' response states the amount as $6,500.00.  Resp. at 1.

she is so closely identified with a named party as to qualify as an "opposing party" under Rule 13(a).  See, Avemco Insurance Co. v. Cessna Aircraft Co., 11 F.3d 998 (10th Cir.1993) (recognizing that an insurer-subrogee, though not named as a party to the original litigation, to be an opposing party for Rule 13(a) purposes because of its close relationship with the named opposing party); U.S. v. Triple H. Realty, LLC, Slip Copy, 2007 WL 1490448, *2 (D.N.J. 2007) (finding that Fair Housing Act complainants were not parties to action, nor the "functional equivalent" of the Government for Rule 13(a) purposes); see also, General Telephone Co. v. EEOC, 446 U.S. 318, 326 (1980); U.S. v. Kingswood Village Property Owners' Ass'n, C.A. No. S-94-927, transcript of oral ruling (E.D. Ca. May 3, 1996); U.S. v. Woodlake Realty Co., Inc., C.A. No. 94-0568, slip op. at 3-5 (N.D. Ga. Jan. 3, 1996).[4]

Thus, at this point, Defendants may not assert cross-claims or counterclaims against Ms. Cruz because she is not a party to this action.

## II.   Whether Ms. Cruz Can or Should be Joined as Party to this Action

A separate and closer question is whether Ms. Cruz can or should be joined as a party under any of the Rules of Civil Procedure, at which point, Defendants' counterclaims may be asserted against her by Defendants. See, Triple H. Realty, 2007 WL 1490448 at *2 (in finding that defendants' counterclaims were not proper under Rule 13, court made no determination as to whether joinder of complainants was proper, as contemplated by Rule 13(h)).

---

[4] The unpublished district court cases were submitted as exhibits 1 and 2 to Plaintiff's motion.  In U.S. v. Kingswood, the aggrieved individual contended that the Government could not settle the case on terms with which he disagreed.  The Eastern District of California ruling pointed out that the Government was not in an attorney-client relationship with him, and also that he was not "in the action" because he had not intervened. In Woodlake, the Northern District of Georgia found that the bringing of a Fair Housing action by the Government does not require the Government to act on behalf of the aggrieved person because it does not represent the aggrieved individual.

A.    Rules 14 and 20

Defendants suggest, without much analysis, that Ms. Cruz can be joined under Rules 14 and 20.  However, neither rule applies.  Under Rule 14, a defending party may serve a summons and complaint on a nonparty "who is or may be liable to it for all or part of the claim against it." However, there is no reading of the complaint or counterclaim (or cross-claim, as described by Defendants) which suggests that Ms. Cruz' liability could be derivative of the Guntharp's liability for claims asserted by the Government.  In other words, Ms. Cruz is not liable for any of the Government's claims of discrimination asserted against Defendants.  Thus, Rule 14 cannot be used to join Ms. Cruz.  In U.S. v. Grand Canyon Enterprises, No. 3:05-CV-00077-HDM-VPC, slip op. at 1-2 (D.Nev., Dec 23, 2005), defendants sought to assert counterclaims of intentional infliction of emotional distress and participation in civil conspiracy against the HUD complainants.  The court denied the motion, finding that these were new asserted claims, rather than an attempt to transfer the liability asserted against them by the United States which was envisioned by Rule 14.[5]

Rule 20 allows permissive joinder of parties, requiring an assertion of a right to relief that arises out of the same transaction, and a question of law or fact common to all persons in the action.  Ms. Cruz has not elected to join the action as permitted under either 42 U.S.C. § 3612(o)(2) or 3614(d)(2)(e), and thus cannot be permissively joined under Rule 20.

---

[5]    This unpublished district court opinion was cited in the briefs submitted for a motion to file third-party complaints against the aggrieved individuals in U.S. v. Triple H. Realty, LLC, cited above. In Triple H. Realty, the judge made no determination as to whether joinder of the complainants in that action was proper, and referred a ruling on defendants' motion seeking to file a third-party complaint against complainants to a magistrate judge.  The issue passed on to the magistrate judge in that case, which is on point with the issue before this Court, was never addressed because the parties in that case settled the lawsuit.  See, U.S. v. Triple H. Realty, LLC, 3:06-cv-04703 FLW-TJB (Order filed August 3, 2007, Doc. 26).

Rules 17 and 19, however, appear to be more favorable to Defendants' position.

<u>Rules 17 and 19</u>

The Government argues that because it is not representing Ms. Cruz, Ms. Cruz cannot be a real party in interest.  In addition to requiring that every action that is prosecuted in the name of the real party in interest, Rule 17 also requires that when a federal statute provides, "an action for the use or benefit of another *shall* be brought in the name of the United States." (emphasis added).  It is clear under the language of the relevant provisions of the Fair Housing Act that the United States is not *required* to proceed to commence a civil action under the statute, but *may elect* to do so.  <u>See</u>, 42 U.S.C. § 3612(o) and § 3614(b)(1)(A).   The Government does not always represent the complainant or aggrieved individual is this type of lawsuit, nor is it required to act on an aggrieved person's behalf.  This does not mean that the Government *cannot* serve as a proxy for the benefit of the individual at the same time it enforces the public interest in preventing housing discrimination:

> [T]he EEOC is not merely a proxy for the victims of discrimination. . . Although the EEOC can secure specific relief, such as hiring or reinstatement, constructive seniority, or damages for backpay or benefits denied, on behalf of discrimination victims, the agency is guided by "the overriding public interest in equal employment opportunity . . . asserted through direct Federal enforcement." 118 Cong.Rec. 4941 (1972). **When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination.**

<u>General Telephone Co. v. EEOC</u>, 446 U.S. 318, 326 (1980) (emphasis added).[6]

---

[6] <u>General Telephone</u> was cited by the Government in its memorandum brief at 5 for the proposition that Ms. Cruz is not the real party in interest.  However, because the Government is permitted, but not *required* to commence a civil action under the Fair Housing Act, the United States cannot be the real party in interest under Rule 17.  An individual may still be the real party in interest under Rule 17 when the Government commences a civil action which benefits the individual. Thus, <u>General Telephone</u> cuts against the Government's argument in that <u>General Telephone</u> states that the Government can indeed act to vindicate the public interest and at the same time, act for the benefit of specific individuals.

In this case, if the Government prevails, Ms. Cruz will benefit monetarily.  The Fair Housing Act entitles the Government to seek monetary relief for an aggrieved party.  42 U.S.C. § 3612(o)(3); § 3614(d)(1)(B); see also U.S. v. Balistrieri, 981 F.2d 916 (7th Cir. 1992) (finding that § 3614(d) allows the Government to seek compensatory damages for an aggrieved person without that person's intervention).  This is exactly what the Government is seeking here.  In addition to injunctive relief, the complaint also seeks "monetary damages to complainants Andres Trujillo and Patricia Cruz. . . ."  Compl. at 4.  The Government is not the real party in interest in this case.   It elected to proceed with the civil litigation.  While the Government does not actually represent Ms. Cruz, nevertheless the Government is acting on her behalf and for her monetary benefit.  Therefore, Ms. Cruz is the real party in interest and should be joined in this case.

I also find that Rule 19 of the Federal Rules of Civil Procedure may also allow Defendants to join Ms. Cruz as a person needed for just adjudication.  Ms. Cruz' absence from the litigation will impede the Guntharps' ability to protect their interests in fully defending themselves.  The assertions and evidence relating to the Guntharps' defense are interwoven with the cross-claims (or more appropriately, counterclaims) asserted in the Answer relating to separate allegations of misrepresentations and prima facie tort.  These counterclaims, as well as the defense, would bar an award of damages to Ms. Cruz, if a factfinder agrees with Defendants' position.

The joining of Ms. Cruz as a party to this action would afford Defendants, already parties to this action, a full opportunity to flesh out the evidence, facts and credibility issues that are critical to their defense and allegations of misrepresentation, just as the Government will be able to do with respect to the Guntharps.  Her absence would impair the Defendants in their right, not

7

only to defend against the claims asserted against them, but also to vindicate themselves fully as a party.

I disagree with the Government that the statutory provision which allows Ms. Cruz to intervene would be superfluous if she could be joined as a party. I read § 3612(o) as creating a right to intervene, not a shield to deflect application of the federal rules of joinder. The Government also cites to the legislative history of the "election" provision by the Government within the Fair Housing Act, which clarified that a respondent could not be sued in a subsequent case after termination of the action filed by the Government. 134 Cong.Rec. at H4678 (June 23, 1988). This reassurance does not address the ability of Defendants to fully present a defense in this case.

Defendants recognize that they can file a separate claim in state court based on the allegations in the counterclaims. I agree that this would be inefficient, particularly where the counterclaims arise from the same facts and occurrences, and are so closely intertwined with the defense in this lawsuit.

Although a procedural basis exists to join Ms. Cruz, Defendants' request cannot be granted because Ms. Cruz does not come within this Court's jurisdiction, not having been served. Two summons have been issued, but it appears that service has not been executed.

## Conclusion

Defendants may not assert cross-claims or counterclaims against Ms. Cruz because she is not a party to this action. There is, however, a legal basis for joining her as a party under the federal rules of civil procedure.

However, the Court cannot grant Defendants the relief they request, because Ms. Cruz has not been served, and the Court has no jurisdiction over her. The docket reflects that a

summons was issued on August 3, 2007, and an alias summons issued on October 4, 2007. Thus, I cannot grant Defendants' request in their response to allow them to name Ms. Cruz as a third-party plaintiff.

Plaintiffs' motion will be granted without prejudice at this time.  If Ms. Cruz is served, Defendants may raise the issue again in a motion to join Ms. Cruz as third-party defendant under Rules 17 or 19, in order to assert counterclaims under Rule 13.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Defendants' Cross-Claims **(Doc. 6)** is hereby GRANTED WITHOUT PREJUDICE, for reasons set forth in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE